IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH L.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24 C 10858 |
| v. | ) |
| | ) Magistrate Judge |
| FRANK BISIGNANO, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Elizabeth L.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 10] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 13] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Frank Bisignano is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On February 25, 2013, Plaintiff filed applications for SSI, alleging disability since April 7, 2012. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an unfavorable decision on February 11, 2016. Plaintiff appealed to this Court, and the case was remanded on January 27, 2021 for further proceedings. The Plaintiff also filed a subsequent application for SSI on March 29, 2019. An ALJ found that Plaintiff was disabled as of that date. Therefore, on remand, the relevant time period at issue was February 25, 2013 through March 28, 2019. The ALJ held another hearing on June 18, 2024 to consider Plaintiff's claims for the relevant time period. Plaintiff appeared telephonically and testified at the hearing and was represented by counsel. Vocational expert ("VE") Carrie Alexander also testified.

On June 24, 2024, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act during the relevant time period. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. §

404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the relevant time period. At step two, the ALJ concluded that Plaintiff had the following severe impairments: arthritis in the bilateral knees; obesity; bipolar disorder with agoraphobia; status/post right ankle fracture with repair and osteoarthritis of the bilateral ankles. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: no climbing ladders, ropes, or scaffolds; no unprotected heights; no hazardous machinery; no kneeling or crawling; occasional climbing stairs and ramps, stooping, and crouching; can understand, remember, concentrate, persist, and perform simple, routine instructions and tasks with the ability to follow both simple and detailed, but uninvolved, oral, written, or diagrammed instructions in a low stress environment defined as having simple work related decisions and routine changes in the work setting; no contact with the public and occasional contact with coworkers; can attend for two hours at a time and then would need a 10 minute break which can be accommodated by routine breaks and lunch.

At step four, the ALJ concluded that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in

significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

5

1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that: (1) the ALJ's RFC finding was inconsistent with her prior RFC finding in a prior decision; (2) the ALJ failed to address properly the errors identified by this Court on remand; (3) the ALJ's rejection of one of Plaintiff's treating physician's medical opinions was unsupported and inconsistent with her prior decision; and (4) the ALJ failed to assess properly Plaintiff's obesity.

In advancing her second argument, Plaintiff correctly explains that this Court previously identified that the ALJ, in her prior decision, erroneously relied on Plaintiff's ability to engage in activities of daily living to justify her RFC. Indeed, in this Court's previous decision, the Court noted that the ALJ discounted Plaintiff's alleged limitations, citing Plaintiff's ability to babysit a four-year-old, which included playing with the child, reading stories, and watching TV, and playing computer games. This Court explained that by focusing on these activities, the ALJ cherry-picked and overstated the evidence that she cited to support her residual functional capacity finding and overlooked, or at least did not acknowledge and engage with, the limitations with those tasks. The Court also explained that the ALJ did not describe the nature of the computer games Plaintiff played and

7

whether they were the type that required any concentration at all, let alone the type of day-long concentration required by an employer.

The ALJ relied on activities of daily living again here, citing Plaintiff's ability to use public transportation, shop, attend doctor's appointments, attend to personal care without reminders, manage finances, use a computer, use social media, follow instructions, and get along with authority figures. Defendant contends that this time, the ALJ did not err, however, because while the ALJ previously relied *exclusively* on Plaintiff's reported activities of daily living to discount her alleged symptoms, this time the ALJ also noted that Plaintiff stopped taking her medication at times, and when she did take her medication, treatment was effective. Defendant is mistaken. The ALJ did not rely exclusively on Plaintiff's reported activities of daily living in her prior opinion. Regardless, that is not the error this Court identified.

In her prior decision, in addition to citing Plaintiff's activities of daily living, the ALJ also cited the fact that Plaintiff's treatment was conservative. The error the Court identified was that the ALJ (1) cherry-picked this evidence; (2) overlooked, or at least did not acknowledge and engage with, the limitations with the activities; and (3) did not explain why this evidence demonstrated that Plaintiff could sustain the type of day-long concentration required by an employer. Here, the ALJ erred again in the exact same way. While the ALJ cited Plaintiff's activities of daily living to discount her reported symptoms, the ALJ did not engage with the evidence supporting a finding a disability, did not engage with the limitations of the

8

activities, and did not explain why Plaintiff's ability to engage in the activities demonstrates that she is capable of sustaining the type of day-long concentration required by an employer. *See Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021) ("Whether [claimant] is congenial or able to add sums in a short-term encounter or examination has little or no apparent bearing on whether she can maintain pace or stay on task for an entire workday."); *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("[S]omeone with problems concentrating may not be able to complete a task consistently over the course of a workday, no matter how simple it may be.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that (1) the ALJ properly addresses all errors identified by this Court; (2) the ALJ's rejection of any of Plaintiff's treating physician's medical opinions is supported; and (3) the ALJ properly assesses Plaintiff's obesity. The Court expressly makes no ruling on whether the ALJ's RFC finding must be consistent with any prior RFC finding.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 10] is granted, and the Commissioner's cross-motion for summary

9

judgment [Doc. No. 13] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**　　　　　　　　　　**ENTERED:**

**DATE:　June 24, 2025**　　　　　　　_____
　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**